# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **RYAN STRONG,**<br><br>       Plaintiff,<br>v.<br><br>**CITY OF NAPLES, A MUNICIPAL CORPORATION,** and<br>**JOSEPH MATTHEW CRAIG, Individually,**<br><br>       Defendants. | **CASE NO: 2:22-cv-00318**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, **RYAN STRONG** sues Defendants, **CITY OF NAPLES, A MUNICIPAL CORPORATION,** and **JOSEPH MATTHEW CRAIG, Individually**, for damages. As grounds for the instant action, Plaintiff states the following:

1. Plaintiff, RYAN STRONG, is a natural person who resides in Collier County, Florida.

2. Defendant, CITY OF NAPLES (the "CITY") is a municipal corporation organized under Florida law.

3. Defendant, JOSEPH MATTHEW CRAIG, is a natural person who resides in Collier County, Florida. At all times material to this complaint, JOSEPH MATTHEW CRAIG ("OFC. CRAIG") was a law enforcement officer employed by the CITY's police department. OFC. CRAIG is a party to the instant action, in his individual capacity, based on his actions acting under color of Florida State law.

1

4.	Jurisdiction is proper in the United States District Court for the Middle District of Florida, pursuant to 28 USC 1331, on the grounds that the within civil action arises out of the laws of the United States.

5.	The court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 USC 1367(a) on the grounds that such state law claims are so related to Plaintiff's claims arising under the laws of the United States that they form part of the same case or controversy.

6.	Pursuant to 28 USC 1391(b), venue is proper in the Middle District of Florida, on the grounds that the Defendants reside within the District and a substantial part of the events giving rise to Plaintiff's claims occurred within the District.

7.	On April 9, 2020, Plaintiff was in the Port Royal neighborhood in Naples, Florida. He was there checking on his parents' home, as they were away for extended travel.

8.	Plaintiff pulled over to the side of the road and exited his car to stretch his legs. At that time, OFC. CRAIG approached Plaintiff, tackling him to the ground.

9.	OFC Craig then arrested Plaintiff, purportedly for "Loitering and Prowling" and "Resisting Arrest without Violence," notwithstanding the fact that there was no evidence of or probable cause to believe that Plaintiff had committed such criminal offenses.

10.	The unlawful arrest of Plaintiff, occurred in his parents' neighborhood, and a mere two houses down from his parents' home.

11. In connection with the arrest, OFC CRAIG submitted a probable cause affidavit which contained several materially false statements, including, but not limited to, that Plaintiff had been loitering and prowling and that he had failed to obey a lawful order of a law enforcement officer.

12. Based on the false probable cause affidavit, OFC CRAIG caused criminal proceedings to be commenced against Plaintiff in the 20th Judicial Circuit, Collier County, Florida.

13. Plaintiff was transported to the county jail, where he spent the night before being released the following day.

14. Ultimately, because of lack of evidence of criminal conduct, the State Attorney, 20th Judicial Circuit was forced to dismiss the case against Plaintiff.

15. As a result of the unjustified physical contact, unlawful arrest, false probable cause affidavit, and the ensuing commencement of criminal proceedings against Plaintiff, he suffered damages, including, but not limited to:

    a. Emotional distress.

    b. Loss of reputation.

    c. Legal costs for defending the criminal proceedings; and

    d. Such other damages as will be proven at trial.

16. Plaintiff has presented a demand to the CITY in accordance with F.S. §768.28. The CITY has failed to respond to the demand within six months. As such, such demand has been constructively denied.

17. Plaintiff has engaged the undersigned law firm to represent him in the instant action and he has agreed to pay the law firm's reasonable attorney's fees.

### Count I - Malicious Prosecution

18. Plaintiff repeats and realleges paragraphs 1 through 17 of the complaint as if set forth fully herein.

19. Defendants caused the commencement of a criminal proceeding against Plaintiff.

20. The criminal proceeding had a bona fide termination in Plaintiff's favor.

21. There was no probable cause for initiating the criminal proceeding against Plaintiff.

22. Defendants acted maliciously in causing the commencement of criminal proceedings against Plaintiff.

23. As a result of Defendants malicious acts in causing the commencement of criminal proceedings against him, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on Count I of the complaint, in an amount to be determined at trial, together with interest, costs, and such other relief as the court deems just and appropriate.

## Count II – Battery
## (Against JOSEPH MATTHEW CRAIG)

24. Plaintiff repeats and realleges paragraphs 1 through 17 of the complaint as if set forth fully herein.

25. JOSEPH MATTHEW CRAIG caused an offensive contact upon Plaintiff's person.

26. JOSEPH MATTHEW CRAIG intended to cause a harmful or offensive contact upon Plaintiff's person.

27. As a result of JOSEPH MATTHEW CRAIG's battery upon Plaintiff, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on Count II of the complaint, in an amount to be determined at trial, together with interest, costs, and such other relief as the court deems just and appropriate.

## Count III – False Imprisonment

28. Plaintiff repeats and realleges paragraph 1 through 17 of the complaint as if set forth fully herein.

29. Defendants unlawfully detained and deprived Plaintiff of his liberty.

30. Such unlawful detention and deprivation was against Plaintiff's will, and without legal authority.

31. The unlawful detention and deprivation of liberty was unreasonable and unwarranted under the circumstances.

32. Plaintiff was damaged because of the foregoing detention and/or deprivation of liberty.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants on Count III of the complaint, in an amount to be determined at trial, together with interest, costs, and such other relief as the court deems just and appropriate.

### Count IV – Violation of 42 USC 1983
### (Against OFC. CRAIG)

33. Plaintiff repeats and realleges paragraph 1 through 17 of the complaint as if set forth fully herein.

34. Defendants' detention of Plaintiff was in violation of his rights under the Fourth Amendment of the United States Constitution.

35. As a result of Defendants' unlawful detention of Plaintiff, he has been damaged.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on Count IV of the complaint, in an amount to be determined at trial, together with attorney's fees, interest, costs and such other relief as the court deems just and appropriate.

### Count V – Negligent Supervision and Retention
### (Against the CITY)

36. Plaintiff repeats and realleges paragraph 1 through 17 of the complaint as if set forth fully herein.

37. During OFC CRAIG's employment, the CITY became aware that OFC CRAIG was unfit as a law enforcement officer.

38.     Upon becoming aware that OFC CRAIG was unfit to serve as a law enforcement officer, the CITY failed to take reasonable further actions to address the unfitness of OFC CRAIG.

39.     As a result of the CITY's negligent supervision of OFC CRAIG, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants on Count V of the complaint, in an amount to be determined at trial, together with interest, costs, and such other relief as the court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

By:     */s/ Christopher DeCosta*
Christopher J. DeCosta, Esquire
Florida Bar No.: 271410
Mahshie & DeCosta, P.A.
1560 Matthew Drive, Suite E
Fort Myers FL 33907
Telephone:  (239) 931-7566
Facsimile: (239) 931-7560
Email: Eservice@md-lawfirm.com
         Chris@md-lawfirm.com
Secondary: paige@md-lawfirm.com
               jamie@md-lawfirm.com