UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN STRONG,

    Plaintiff,

v.                                                 Case No.:  2:22-cv-318-KCD

CITY OF NAPLES and JOSEPH
MATTHEW CRAIG,

    Defendants.
                                   /

## **ORDER**

Before the Court is Defendant City of Naples' Motion to Dismiss Plaintiff Ryan Strong's Second Amended Complaint. (Doc. 53.) The City argues sovereign immunity insulates it from Strong's state-law claims for battery, false imprisonment, and negligent supervision. For the reasons below, the City's motion is granted in part and denied in part.

### I. Background

Strong maintains the City is responsible for injuries he suffered when Defendant Matthew Craig, a City police officer, arrested him outside his car. (Doc. 48 at 2-3.) Strong says Officer Craig approached him, tackled him to the ground, and placed him under arrest—all without probable cause. (*Id.* at 3.) Strong further claims Officer Craig supported the arrest with a false probable cause affidavit. (*Id.*)

The complaint alleges Officer Craig committed a battery (Count II) and false imprisonment (Count IV) during the arrest. (*Id.* at 6-9.) Alternatively, Strong argues the City is liable for these torts as Officer Craig's employer (Counts III and V, respectively). (*Id.*) The complaint finishes with a claim for negligent supervision and retention against the City (Count VII). (*Id.* at 10.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] This standard of plausibility is met when the plaintiff pleads enough factual content "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept a complaint's factual allegations as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. "[C]onclusory allegations, unwarranted factual deductions or legal

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2

conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### III. Discussion

As mentioned, the City's motion turns on sovereign immunity. The Court thus starts there. Sovereign immunity "protects the state from burdensome [lawsuits that] interfere[] [with] the performance of its governmental functions and preserves its control over state funds, property and instrumentalities." *Davis v. State, Dep't of Corr.*, 460 So. 2d 452, 461 (Fla. Dist. Ct. App. 1984) (Ervin, C.J., dissenting). "In Florida, sovereign immunity is the rule, rather than the exception." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984).

The Florida legislature has waived sovereign immunity from tort suits to the extent set out in Fla. Stat. § 768.28. This waiver extends to any state "agencies or subdivisions," defined to include counties and cities. *Cauley v. City of Jacksonville*, 403 So. 2d 379, 384 (Fla. 1981). So the City is entitled to sovereign immunity against Strong's tort claims subject to applying § 768.28.

Pertinent here, § 768.28(9)(a) creates a bifurcated tort liability scheme for public entities and their employees. Suits may proceed against an employee only if he (i) acted outside the course and scope of his employment, or (ii) committed a tort "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

3

*Id.* In all other circumstances, the case must proceed against the public agency where the employee works. *See Ullman v. Fla. Dep't of Corr.*, No. 5:17-CV-66-OC-30PRL, 2017 WL 2103392, at *2 (M.D. Fla. May 15, 2017).

The effect of § 768.28(9)(a) is two mutually exclusive outcomes: "In any given situation either the agency [is] liable under Florida law, or the employee, but not both." *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996). State employees are entitled to immunity when "acting within the scope of [their] employment and without malice." *Ullman*, 2017 WL 2103392, at *2. Conversely, the state entity is entitled to immunity where the employee acts outside the scope of employment or with bad faith, malice, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *Id.*

With the legal landscape in view, the Court turns back to this case. The City first argues that sovereign immunity bars Strong's battery and false imprisonment claims. (Doc. 53 at 5-8.) Its reasoning is the same for both torts: because the complaint states Officer Craig acted with "malice, in bad faith and through willful and wanton conduct," sovereign immunity applies to protect the City as a matter of law. (*Id.* at 8.)

The Court is unconvinced. When a plaintiff pleads claims in the alternative, as here, they are read separately. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006). So the Court considers the claims

4

against the City sans the claims against Officer Craig. Strong's claims against the City do not allege Officer Craig exhibited malice, bad faith, or willful and wanton conduct. Just the opposite. Strong explicitly acknowledges the City's liability turns on Officer Craig *not* exhibiting these traits. (Doc. 48 at 7-9 ("[I]f the court finds that [Officer Craig] did not act with malice, in bad faith or through willful and wanton conduct, then the [City] is liable[.]").) This is proper alternative pleading. *See, e.g.*, *C.P. by & through Perez v. Collier Cnty.*, 145 F. Supp. 3d 1085, 1095 (M.D. Fla. 2015).

Regardless of Strong's alternative pleading, the City argues the battery and false imprisonment claims trigger sovereign immunity because "the factual allegations can only suggest malice or bad faith." (Doc. 53 at 10.) It is true that sovereign immunity can be decided as a matter of law when the facts compel that outcome. *See, e.g.*, *Terry v. Rodriguez,* No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010). But the City is incorrect that sovereign immunity can be resolved on the pleadings here.

The allegations are indeed troubling. According to Strong, Officer Craig tackled him to the ground, charged him with loitering and resisting arrest with no evidence, and submitted a false probable cause affidavit. (Doc. 48 at 2-3.) But these facts have been denied. And Strong admits he stepped out of his vehicle (Doc. 43 at 3), which is conduct Officer Craig could have interpreted as resistance if not ordered. Thus, viewing the record in Strong's favor as against

5

the City, as the Court must, it is not clear that Officer Craig acted with the requisite degree of culpability to impute sovereign immunity. It remains possible that Officer Craig acted wrongfully but without bad faith, malice, or wonton and willful disregard. Whether a police officer's conduct crosses this threshold is generally a question for the jury. See *Butler v. Gualtieri*, 41 F.4th 1329, 1337 (11th Cir. 2022) (explaining the "fact-specific nature of these sovereign immunity determinations"). Deciding on the degree of Officer Craig's culpability is therefore best left for another day. *See, e.g.*, *Pena v. Demings*, No. 6:15-CV-69-ORL-18TBS, 2015 WL 13685006, at *6 (M.D. Fla. Apr. 20, 2015).[2]

That leaves Strong's claim for negligent supervision and retention. (Doc. 43 at 10.) The Court agrees with the City that sovereign immunity applies here. Liability for negligent supervision or retention arises only when the employee acts outside the scope of employment. See *Buckler v. Israel*, 680 F. App'x 831, 834 (11th Cir. 2017); *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 3051505, at *9 (S.D. Fla. June 8, 2020). Strong has pled that Officer Craig was working for the City and "acting under color of . . . law" when the stop and arrest occurred. (Doc. 43 at 1-2.) These allegations shield the City from liability as a matter of law. See *Santillana v. Fla. State Ct. Sys.*, No.

---

[2] This does not prevent the City from claiming the protection of sovereign immunity later, such as at summary judgment, if the undisputed facts prove malice, bad faith, or willful and wanton conduct.

6

609CV-2095-ORL-19KRS, 2010 WL 271433, at *11 (M.D. Fla. Jan. 15, 2010); *Thomas v. City of Jacksonville*, No. 3:13-CV-737-J-32MCR, 2017 WL 3316478, at *10 (M.D. Fla. Aug. 3, 2017).

Not backing down, Strong argues the outcome above is a misapplication of Florida law. (Doc. 58 at 8-10.) He claims that "[n]owhere in the common law elements of negligent supervision or retention is there a requirement that the employee be operating outside of the scope of employment." (*Id.* at 9-10.) But the Florida Supreme Court has said otherwise, endorsing the principle that "the master [is] liable for the acts of his servant *outside the scope of his authority*." *Mallory v. O"Neil*, 69 So. 2d 313, 315 (Fla. 1954) (emphasis added). The Eleventh Circuit has also interpreted Florida law to require conduct outside the scope of employment. *Buckler*, 680 F. App'x at 834. Thus, the Court is bound to apply sovereign immunity to Strong's claim for negligent supervision and retention in Count VII.[3]

One last issue to wrap up. The City asks for dismissal with prejudice. Generally, the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). But dismissal with prejudice is proper "when the complaint as amended is still subject to dismissal." *Burger King Corp. v.*

---

[3] The City attacks Count VII on several grounds. It claims Strong did not properly allege notice of Officer Craig's unfitness. The City also says sovereign immunity applies because supervision and retention are "planning level functions." (Doc. 53 at 16.) The Court need not (and will not) address these arguments given the holding above is dispositive.

7

*Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999). Leave to amend is not needed when it would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). This exception applies here. Strong cannot amend Count VII to conform with the law. Officer Craig was undeniably employed as a police officer when he detained Strong. Even though Officer Craig may have exceeded his lawful authority, he was performing acts squarely within the scope of his employment. *See McGhee,* 679 So. 2d at 732. No amendment can change the preclusive effect of these underlying facts. *See, e.g., Bright v. City of Tampa,* No. 8:16-CV-1035-T-17MAP, 2017 WL 5248450, at *8 (M.D. Fla. May 17, 2017) (dismissing negligent supervision claim with prejudice where the alleged conduct was within the scope of a police officer's duties).

Accordingly, it is now **ORDERED**:

1. Defendant City of Naples' Motion to Dismiss (Doc. 53) is granted in part and denied in part;
2. Count VII is dismissed with prejudice;
3. Counts III and V will proceed;
4. Within 14 days of this Order, the City must answer Counts III and V.

**ENTERED** in Fort Myers, Florida on October 24, 2022.

Kyle C. Dudek
United States Magistrate Judge