UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN STRONG,

    Plaintiff,

v.                                                                            Case No.:  2:22-cv-318-KCD

CITY OF NAPLES and JOSEPH
MATTHEW CRAIG,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Officer Joseph Matthew Craig's Motion to Compel. (Doc. 104.)[1] Plaintiff Ryan Strong responded (Doc. 108), making this matter ripe. For the following reasons, Officer Craig's motion is granted in part and denied in part.

## I. Background

This is a civil rights suit. (Doc. 48.) Strong alleges that while standing outside his car, Officer Craig, a police officer for the City of Naples, approached him, tackled him to the ground, and arrested him. (*Id.* at 3.) Strong claims that his arrest was without probable cause, and worse yet, Officer Craig submitted

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

a false probable cause affidavit which prompted unjustified criminal proceedings. (*Id.* at 3-4.)

Based on these facts, Strong brings claims for malicious prosecution, battery, and false imprisonment. (Doc. 48 at 6-9.) According to Strong, he has suffered emotional, reputational, and financial damages from his unlawful arrest. (*Id.* at 4.) In this immediate motion, Officer Craig seeks to compel Strong to provide documents exchanged in discovery during two state court criminal proceedings, along with all recordings of interactions with law enforcement from the last seven years. (Doc. 104 at 4, 8-9.)

## II. Legal Standard

Discovery is a broad fact-finding process designed to provide both parties with the relevant facts of their case. Federal Rule of Civil Procedure 26 outlines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed R. Civ. P. 26(b)(1). Facts uncovered through discovery "need not be admissible in evidence." *Id.* Rather, the information must be relevant to a claim or defense and proportional to the needs of the case. *Id.* "The Rules of

2

Civil Procedure strongly favor full discovery whenever possible." *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824, 2021 WL 8199894, at *3 (M.D. Fla. Nov. 17, 2021).

Bound by the requirements of relevance, the proponent of a motion to compel carries the initial burden of proving that the information sought is relevant to a claim or defense. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). Once this burden is met, the responding party must demonstrate how the information sought is improper, unreasonable, or unduly burdensome. *See United States ex rel. Rosen v. Exact Scis. Corp.*, No. 8:19-CV-1526, 2023 WL 1798258, at *2-3 (M.D. Fla. Feb. 7, 2023).

### III. Discussion

The Court takes each of Officer Craig's discovery requests in turn.

### A. RTP 2

This request to produce asks Strong to provide all recordings between him and law enforcement officials for the last seven years. Strong objects, arguing the requested information is irrelevant and available to Officer Craig at a lower cost. Further, according to Strong, the word "recording" makes this request too vague and unduly burdensome. (Doc. 104-2 at 2.)

Strong's objections are deficient in multiple ways. First, he failed to follow Rule 34(b)(2)(C), which requires an objection to "state whether any

3

responsive materials are being withheld." Fed R. Civ. P. 34(b)(2)(C). There is no indication Strong withheld documents under the objections asserted. Strong also fails to adequately support his assertion that the term "recordings" is too vague, overly broad, or unduly burdensome. This kind of boilerplate assertion of vagueness and burden, absent additional explanation or support, has consistently been rejected by this Court (and elsewhere). *See Grayson*, 2021 WL 8199894, at \*11-12; *see also Petralia v. McCormick & Schmick Rest. Corp.*, No. 2:13-CV-21, 2013 WL 12153528, at \*2. (M.D. Fla. Nov. 27, 2013).

In any event, it is apparent to the Court that the term "recordings" refers to audio and video recordings taken by Strong during his many interactions with law enforcement. Strong testified to having cameras in his vehicle. (See Doc. 96-2 at 227:10-228:16.) He has also testified to recording other encounters with law enforcement. (*Id.* at 227:10-228:16.) As Officer Craig notes, Strong apparently demonstrated no confusion with the term "recordings" during his deposition, where the term clearly referred to digital audio and video footage. (Doc. 104 at 7.) Accordingly, the Court does not find the term "recordings" vague, overly broad, or unduly burdensome in this context.

Strong's relevance objection is also lacking. In his response, Strong argues that no interactions with law enforcement besides the incident that prompted this lawsuit are relevant, and that his assertion of emotional distress does not permit this kind of invasive discovery. (Doc. 108 at 2.) The Court

4

disagrees. Officer Craig's request for recordings of prior law enforcement encounters is plainly relevant in assessing Strong's claim of emotional distress. As Officer Craig notes, recordings of prior law enforcement encounters may confirm or dispel Strong's claims. (Doc. 104 at 6.) Additionally, Officer Craig's request to produce is not a needlessly invasive inquiry into Strong's life. The information sought is plainly discoverable and minimally invasive.

Finally, Strong asserts that the information requested is equally available to Officer Craig at a lower cost. (Doc. 104-2 at 2.) This is untrue. Recordings from Strong's own cameras would not be equally available to Officer Craig at a lower cost. It is nonsensical to assert otherwise. Accordingly, the Court overrules Strong's objections and directs him to produce all responsive documents within his possession, custody, or control. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (explaining that control under Rule 34, "is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").

### B. RTP 4

This request asks Strong to provide all documents exchanged during discovery in a pending criminal proceeding. Strong objects, arguing the requested information is irrelevant and inappropriate to the needs of this case. (Doc. 104-2 at 2.) Neither argument, however, is particularly convincing.

Starting with Strong's relevance objection, he notes the information sought pertains to a criminal prosecution that occurred two years after the incident that sparked this lawsuit. (Doc. 108 at 3.) While the criminal proceeding may be disconnected from the incident here, that does not make it irrelevant. On the contrary, the discovery sought by Officer Strong is plainly relevant in that it could elucidate whether Strong has suffered reputational harm and emotional distress from the April arrest. In his complaint, Strong claims that the charges brought by Officer Strong led to reputational harm and emotional distress. Since the requested discovery relates to charges that are still pending against Strong, the information sought could confirm or dispel Strong's alleged damages. Such information is clearly relevant.

Strong also claims that the information sought is inappropriate to the needs of the case, arguing the request is an invasive intrusion into matters personal to Strong. (*Id.* at 3.) While the pending criminal proceeding against Strong may be personal to him, it does not constitute invasive overkill, as Strong characterizes it. (Doc. 108 at 3.) Rather, Officer Craig's request is appropriately tailored to the needs of this case, in that he is only seeking documents exchanged in discovery. These are documents that Strong should already have or be readily available. Officer Craig's request for these documents does not strike the Court as particularly inappropriate or improper.

6

As previously iterated, possession, custody, or control also includes documents Strong has the legal right to obtain. *Searock*, 736 F.2d at 653. To the extent Strong is legally able to obtain documents responsive to this request, he is required to do so. Additionally, should responsive discovery documents become available after Strong's initial response, then he will be expected to produce the new responsive documents in a supplement. *See* Fed R. Civ. P. 26(e)(1)(A). Accordingly, the Court overrules Strong's objections and directs him to respond to RTP 4 pursuant to the above.

## C. RTP 5

This request asks Strong to provide all documents exchanged during discovery in a dismissed criminal proceeding. Strong objects, again arguing that the requested information is irrelevant and inappropriate to the needs of this case. (Doc. 104-2 at 2.) Despite objecting, Strong nonetheless provided Officer Craig with responsive documents "without waiving the foregoing objections." (*Id.*)

First, Strong's response is procedurally deficient. Objecting and then answering without waiving the objection is not an option under the Federal Rules of Civil Procedure. *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-CV-537, 2011 WL 1627165, at *3-4 (M.D. Fla. Apr. 29, 2011); *see also Chambers v. Sygma Network, Inc.*, No. 6:12-CV-1802, 2013 WL 1775046, at *7-8 (M.D. Fla. Apr. 25, 2013); *Pepperwood of Naples Condo. Ass'n., Inc. v.*

7

*Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753, 2011 WL 3841557, at *2 (M.D. Fla. Aug. 29, 2011). The responding party either objects or answers; it cannot do both. By objecting and answering without waiving the objection, the responding party, "preserves nothing and wastes the time and resources of the parties and the court." *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008). Courts have generally held that, when an answer accompanies an objection, "the objection is waived and the answer, if responsive, stands." *Pepperwood of Naples Condo Ass'n., Inc.*, 2011 WL 3841557, at *7.

Setting aside any procedural problems, Strong's objections also fail due to the same pitfalls discussed with RTP 4. The information requested here is plainly relevant in assessing Strong's claims of reputational harm and emotional distress, as the requested discovery documents stem from a case where charges against him were brought but ultimately dismissed. As previously noted, this was one of the factors relating to the April incident that Strong claims led to reputational and emotional harms. Officer Craig's request is also appropriately tailored to the needs of this case. Therefore, the Court overrules Strong's objections and directs him to respond to RTP 5.

**D. Attorney's Fees**

The final issue before the Court is Officer Craig's request for reasonable expenses, including attorney's fees, incurred in bringing this motion. (Doc. 104

8

at 10.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Thus, generally, the court must award expenses if a motion to compel is successful. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

But Rule 37 has a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). All things considered, sanctions are not warranted here. Between the three contested requests to produce, there is a genuine dispute between both parties where reasonable people could differ as to the correctness of Strong's position.

Accordingly, it is now **ORDERED**:

(1) Defendants' Motion to Compel (Doc. 104) is **GRANTED in part and DENIED in part**. Strong is directed to answer the above discovery requests within 14-days of this order.

**ENTERED** in Fort Myers, Florida on July 14, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record