UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN STRONG,

    Plaintiff,

v.                                              Case No.:  2:22-cv-318-KCD

CITY OF NAPLES and JOSEPH
MATTHEW CRAIG,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness. (Doc. 111.)[1] Plaintiff Ryan Strong asked for more time to respond (Doc. 113), which the Court granted (Doc. 115). Even so, the Court opts to address Defendants' Motion now without awaiting a response because the legal issues are straightforward. For the reasons below, Defendants' motion is granted in part and denied in part.

### I. Background

Strong claims the City of Naples is responsible for injuries he suffered when Defendant Matthew Craig, a City police officer, arrested him outside his car. (Doc. 48 at 2-3.) Strong says Officer Craig approached him, tackled him to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

the ground, and placed him under arrest—all without probable cause. (*Id.* at 3.) Strong further claims Officer Craig supported the arrest with a false probable cause affidavit. (*Id.*) Among other things, the complaint brings claims for malicious prosecution, battery, and false imprisonment. (*Id.* at 6-9.)

Discovery has been arduous, to say the least, as the parties have rarely seen eye to eye. (*See* Doc. 71; Doc. 75; Doc. 92; Doc. 94; Doc. 111; Doc. 112.) Still, one facet of the discovery process seemingly came and went without issue: Plaintiff disclosed no expert by the deadline. (Doc. 111 at 2.) But then, following Defendants' timely expert disclosure, Plaintiff identified a rebuttal expert. (*Id.*) Defendants now seek to exclude this expert, claiming he offers opinions beyond what is allowed for rebuttal under Fed. R. Civ. P. 26. (*Id.* at 5.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 26, parties may designate expert testimony for rebuttal. "[T]he purpose of rebuttal evidence is to explain, repel, counteract, or disprove the evidence of the adverse party, and the decision to permit rebuttal evidence is one that resides in the sound discretion of the trial judge." *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004). "A party is not permitted to disguise support for his or her case in chief as rebuttal evidence and may not glom onto language in an opposing party's expert report as a way to revive his or her opportunity to provide an expert report." *GLF Constr. Corp. v. Fedcon Joint Venture*, No. 8:17-CV-1932-T-36AAS, 2019 WL

2

13168545, at *6 (M.D. Fla. Oct. 16, 2019). "This is particularly true where the expert evidence being offered on rebuttal is evidence that supports an element of the plaintiff's prima facie case." *Timber Pines Plaza, LLC v. Kinsale Ins. Co.*, 192 F. Supp. 2d 1287, 1291 (M.D. Fla. 2016). "The test for whether a report is a rebuttal does not depend on whether the report contains new information, but whether it is intended solely to contradict or rebut evidence on the same subject matter of an opponent's expert report." *GLF Constr. Corp.*, 2019 WL 13168545, at *6.

### III. Discussion

Defendants do not dispute the content of Plaintiff's expert disclosure. Instead, they claim Plaintiff's disclosure is "not a rebuttal, but rather a late-disclosed affirmative expert." (Doc. 111 at 5.) So they argue it should have been disclosed at the earlier deadline for affirmative experts. Thus, Defendants assert the expert report must be stricken and excluded under Federal Rule of Civil Procedure 37(c):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).

The Court agrees that Plaintiff should have disclosed his expert at the initial deadline. While the disclosure offers some response to Defendants' expert, much of the expert's opinions "logically belong in the Plaintiff's case-in-chief, as they clearly relate to the case's central issues of the existence of probable cause for the Plaintiff's arrest and the reasonableness of any alleged force during said arrest." (Doc. 111 at 4.) Thus, Plaintiff disclosed his expert report late and violated Rule 26.

As noted above, Rule 37 allows for excluding evidence when Rule 26 is transgressed. But the Court will not go so far here. Rule 37(c) says an expert witness identified after the deadline cannot provide testimony "unless the [non-disclosure] was substantially justified or harmless." In analyzing this safe-harbor, courts have considered five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Woienski v. United Airlines, Inc.*, 383 F. Supp. 3d 1342, 1345 (M.D. Fla. 2019). "The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." *Seascape Aquarium, Inc. v.*

*Associated Diversified Servs., Inc.*, No. 8:17-CV-2137-T-17JSS, 2018 WL 11383047, at *2 (M.D. Fla. Sept. 25, 2018). And finally, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009).

On balance, the factors weigh in Plaintiff's favor. The first is belied by Defendants' own objections. They assert the expert report largely offers evidence to support Plaintiff's prima facie case, including a review of "facts and documents exchanged in discovery and known to all parties." (Doc. 111 at 4.) Thus, they should hardly be surprised by what is in the expert report.

Factors two and three can be considered in relation to the potential for prejudice to Defendants:

> [A] Rule 26(a) violation is considered harmful when a disclosure made after the deadline prevents the opposing party from rebutting the information with[out] delaying the schedule. . . . On the other hand, a belated disclosure is harmless if the opposing party has an opportunity to review the report and depose the expert before the discovery period ends.

*Hernandez v. Walmart Stores, Inc.*, No. 21-CV-20861, 2022 WL 1642815, at *9 (S.D. Fla. Apr. 20, 2022). Defendants are right to point out the prejudice in their inability to rebut Plaintiff's expert with their own, which they could have done if Plaintiff had made a timely disclosure. (Doc. 111 at 4.) But they had Plaintiff's expert report for a full month before discovery closed—adequate

5

time to depose the expert, and well before the deadline to submit *Daubert* motions. (Doc. 47 at 1-2.) In sum, this is hardly bombshell evidence dropped the night before trial. Indeed, the trial term, more than 6 months out, need not be disturbed at all. Still, the Court addresses the minimal prejudice to Defendants in more depth below.

The fourth factor too weighs in Plaintiff's favor, as the witness is his only expert. Last, although Plaintiff has not responded to the motion with an explanation for its failure, the Court finds that misclassification of the expert report as rebuttal is a reasonable mistake given it is responsive in part to Defendants' expert.[2] Thus, the Court finds harmlessness and justification sufficient to avoid excluding the evidence.

As an aside, the Eleventh Circuit has suggested that Rule 37(c)'s directive to exclude testimony may not be mandatory as Defendants suggest, even absent justification or harmlessness: "The district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion." *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004). While at least one court has dismissed this language as dicta, *see Harris Corp. v. Ruckus Wireless, Inc.*, No. 611CV618ORL41KRS, 2015 WL 12830468, at *2 n.3 (M.D. Fla. July 8,

---

[2] For Rule 37(c)(1), "[s]ubstantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017).

2015), others have relied on it, *see, e.g.*, *Herbold v. Cottam*, No. 8:14-CV-264-T-36MAP, 2016 WL 7367176, at *1 (M.D. Fla. Jan. 26, 2016); *Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2011 WL 13176484, at *7 n.15, 9 (M.D. Fla. May 11, 2011); *Collins v. United States*, No. 3:08-CV-923-J-32JRK, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010). This split tracks a similar disagreement among the Circuit Courts. *See Griffin v. United States*, No. 3:19-CV-441-MMH-PDB, 2021 WL 4947180, at *18 n.8 (M.D. Fla. July 30, 2021).

In any event, the Court need not take a stance here because it finds the disclosure substantially justified or harmless as noted above. Moreover, the Court may adjust discovery deadlines sua sponte, further insulating Defendants from harm. *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) (explaining district courts enjoy "broad discretion over the management of pre-trial activities, including discovery and scheduling"). Indeed, such a course of action recognizes that "even if striking Plaintiff's expert were warranted, striking an expert is a drastic remedy, especially when other remedies are available to cure any deficiency and any prejudice." *Navarra v. Wilson*, No. 2:19-CV-834-JES-MRM, 2021 WL 11636944, at *2 (M.D. Fla. Apr. 2, 2021); *see also Hernandez v. Walmart Stores, Inc.*, No. 21-CV-20861, 2022 WL 1642815, at *8 (S.D. Fla. Apr. 20, 2022) ("Federal courts consistently admonish that the striking of expert testimony is a harsh sanction that should not normally be imposed absent a showing of

willful deception or flagrant disregard of a court order by the proponent of the evidence.").

At bottom, the Court can address any prejudice to Defendants by reopening expert discovery. And that is the appropriate course considering the prejudice that may result to Plaintiff if his expert is excluded. *See Collins*, 2010 WL 4643279, at *5 ("In fact, [striking the expert] can amount to an abuse of discretion, especially where, as here, the sanction of exclusion would likely leave Plaintiff without an avenue to assert his . . . claims."). Thus, to ensure neither party is prejudiced, the Court will reopen expert discovery and allow Defendants to update their expert disclosures.

Accordingly, it is now **ORDERED**:

1. Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness (Doc. 111) is **DENIED** to the extent it seeks to strike or exclude Plaintiff's rebuttal expert;

2. Defendants' Motion is **GRANTED** to the extent it seeks other affirmative relief to cure the prejudice; specifically, Defendants will have one month from the date of this order to conduct additional expert discovery and update their own expert report if warranted. A new case management order with updated deadlines will follow.

**ENTERED** in Fort Myers, Florida on August 7, 2023.

*[Signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

9